## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| AARON ORR<br>9682 Redwood Circle,<br>Plain City, Ohio 43064,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114,<br><br>    Defendant. | Case No.:  2:17-CV-225<br><br>Judge:<br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE, AND DECLARATORY RELIEF**

The following allegations are based upon Plaintiff Aaron Orr's ("Mr. Orr's or Plaintiff's") personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, allege as follows:

### INTRODUCTION

1. Defendant Transworld Systems, Inc. ("Defendant"), a debt collector, misrepresented the character, legal status, and amount of an alleged debt to Mr. Orr in a debt collection letter.

2. Defendant's actions described herein harmed Mr. Orr, and he therefore brings claims against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and Defendant's violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 *et seq.* for all Plaintiff's damages, costs, attorney fees, and for injunctive and declarative relief.

## JURISDICTION AND VENUE

3. Plaintiff incorporates all other paragraphs of this Complaint by reference as though fully written here.

4. The Court has subject matter jurisdiction over Count One under 28 U.S.C. 1331 and 1337 and 15 U.S.C. 1692 *et seq.*, because Count One alleges violations of federal law.

5. The Court has supplemental jurisdiction over the state law claims in Count Two under 28 U.S.C. 1367 because those claims arise from the same case or controversy.

6. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District and the alleged debt was incurred within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

7. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendant is subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

9. Plaintiff Aaron Orr ("Mr. Orr") is a natural person currently residing in Union County, Ohio at 9682 Redwood Circle, Plain City, Ohio 43064.

10. Plaintiff was and is allegedly obligated to pay an alleged consumer debt in the amount of $40,494.82 ("the Alleged Debt.")

11. The Alleged Debt was primarily incurred for personal, family, and household purposes.

12. The Alleged Debt is a **Debt** within the meaning of the FDCPA, 15 U.S.C. 1692a(5).

13. At all times relevant to this transaction, Mr. Orr is and was a **Consumer** within the meaning of 15 U.S.C. 1692a(3).

14. Defendant Transworld Systems, Inc. is a foreign corporation incorporated under the laws of California with its principal place of business in California.

15. Defendant regularly uses the mails and telephonic communications with the principal purpose of collecting a debt.

16. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

17. At all times relevant to this transaction, Defendant was and is a **Debt Collector** within the meaning of 15 U.S.C. 1692a(6).

18. Each action or inaction alleged herein against any Defendant is also an allegation of action or inaction by that Defendant's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

19. At the time the alleged current creditor allegedly took assignment from the original creditor of the Alleged Debt transaction with Mr. Orr, the transaction included a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to Mr. Orr for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

20. The Alleged Debt whereby Mr. Orr is allegedly obligated to pay the current creditor of the Alleged Debt in exchange for money on terms described in a contract is a **Consumer Transaction** within the meaning of R.C. 1345.01(A).

21. Defendant took action to collect on the Alleged Debt on behalf of the current creditor of the Alleged Debt.

22. At all times relevant to this transaction, Mr. Orr was engaged in a consumer transaction with the current creditor of the Alleged Debt and Defendant.

23. At all times relevant to this transaction, Defendant was effecting a consumer transaction between the current creditor of the Alleged Debt and Defendant.

24. At all times relevant to this transaction, Mr. Orr was and is a **Consumer** within the meaning of R.C. 1345.01(D).

25. At all times relevant to this transaction, Defendant was and is engaged in the business of effecting or soliciting a consumer transaction.

26. Defendant's debt collection activities described herein were effecting the consumer transaction, that is the fulfillment of the Alleged Debt, by amongst other things demanding payment from Mr. Orr for a debt he does not owe and misrepresenting the amount of the Alleged Debt.

27. At all times relevant to this transaction, Defendant was and is a **Supplier** within the meaning of R.C. 1345.01(C).

## GENERAL ALLEGATIONS

28. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

29. On December 8, 2016, Defendant sent Plaintiff a letter in an attempt to collect the Alleged Debt. A true and accurate copy of that letter is attached hereto as Exhibit A.

30. Defendant's December 8, 2016 letter states that Mr. Orr owes National Collegiate Student Loan Trust 2004-2 ("NCSLT") $40,494.82.

31. Mr. Orr does not owe NCSLT $40,494.82.

32. On December 21, 2016, Plaintiff, through counsel, sent Defendant a letter, disputing the Alleged Debt and requesting Defendant provide Plaintiff with verification of the Alleged Debt and the name of the original creditor of the Alleged Debt.

33. Defendant received Plaintiff's December 21, 2016 dispute letter on December 21, 2016 by facsimile and on December 27, 2016 by certified mail.

34. Defendant responded to Mr. Orr's December 21, 2016 dispute letter by its own letter dated January 30, 2017.

35. Defendant's January 30, 2017 letter states that Mr. Orr owes NCSLT $6,964.15.

36. Defendant's January 30, 2017 letter states that Defendant had not reported an account to a credit bureau.

37. Defendant's information and information about the Alleged Debt appears on Mr. Orr's consumer credit report as having been last updated on September 20, 2015.

38. The trade line associated with Defendant which appears on Mr. Orr's consumer credit reports shows an amount past due of $27,807.00, an "original amount" of $24,487.00 which is owed to an original creditor named "National Collegiate Student Loan Trust."

39. National Collegiate Student Loan Trust is not the original creditor of the Alleged Debt.

40. No entity named National Collegiate Student Loan Trust exists.

41. National Collegiate Student Loan Trust appears to be a reference to a series of separate and distinct trust entities incorporated in Delaware which claim Mr. Orr owes them money relating to four alleged private student loan debts originated by J.P. Morgan Chase Bank, N.A.

42. Four of these different entities sued Mr. Orr in Ohio state courts in 2015 and 2016.

43. Each of the four debt collection lawsuits by the National Collegiate Student Loan Trust entities was dismissed after Mr. Orr moved to have each dismissed for failure to state a claim.

44. The National Collegiate Student Loan Trust entities, including NCSLT, asserted they were entitled to enforce the contracts allegedly entered into by Mr. Orr and JP Morgan Chase Bank, N.A.

45. As the purported holder of a private student loan contract between JP Morgan Chase Bank, N.A and Mr. Orr, NCSLT was allegedly entitled to collect payments under the private student loan from Mr. Orr per the terms of the underlying contract.

46. NCSLT demanded Mr. Orr to make payments on the Alleged Debt to NCSLT at an address in Pennsylvania.

47. NCSLT's cause of action against Mr. Orr, if any, would have accrued in Pennsylvania.

48. By Mr. Orr's alleged nonpayment, NCSLT suffered loss, if any, in Pennsylvania.

49. Ohio's statute of limitation on a written contract is eight years from the date the cause of action accrued. R.C. 2305.04.

50. Pennsylvania's statute of limitation on written contracts is four years from the date the cause of action accrued. 42 Pa. C.S. 5525(a).

51. For causes of actions brought in Ohio which accrued in a state other than Ohio, Ohio law prohibits the filing of a suit after the subject state's statute of limitation has expired.  R.C. 2305.03(B).

52. The alleged contract between JP Morgan Chase Bank, N.A. and Mr. Orr is not a promissory note.

53. The alleged contract between JP Morgan Chase Bank, N.A. and Mr. Orr is a consumer credit agreement.

54. Plaintiff purportedly defaulted on the Alleged Debt on or about March 7, 2011.

55. The statute of limitation for filing lawsuits to recover the Alleged Debt expired on or about March 7, 2015.

56. Defendant knew or should have known when it sent the December 8, 2016 debt collection letter that it could not prove that Plaintiff owed NCSLT any money.

57. Defendant knew or should have known that the statute of limitations for filing suit on the Alleged Debt had expired.

58. Mr. Orr's arguments made in state court in his defense that the National Collegiate Student Loan Trust Entities could not even state a claim that they were assigned any debt allegedly owed by Mr. Orr to JP Morgan Chase Bank, N.A. are matters of public record.

59. Neither NCSLT nor Defendant has or had proof that the Alleged Debt had been transferred from J.P. Morgan Chase Bank, N.A. to NCSLT or any related entity.

60. Defendant failed to perform an adequate investigation into the basis of NCSLT's claim that Plaintiff owed it money before attempting to collect the Alleged Debt.

61. Mr. Orr does not and did not owe NCSLT the amount of money Defendant claimed in its December 8, 2016 debt collection letter.

62. As a result of the debt collection attempts, Plaintiff was forced to incur legal fees in his defense.

63. The legal fees and expenses Plaintiff incurred as a result of Defendant's improper debt collection activities and violations of the FDCPA are actual damages to which Plaintiff is entitled under the FDCPA.

## COUNT ONE – FDCPA VIOLATIONS

64. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

65. For all the reasons stated herein, Defendant violated the FDCPA.

66. Defendant's actions described herein are deceptive, misleading, unfair, and unconscionable practices in connection with the collection of a debt.  15 U.S.C. 1692e, 15 U.S.C. 1692f.

67. Defendant misrepresented the character, amount, and legal status of the Alleged Debt to Plaintiff.

68. Defendant used false representations and deceptive means to attempt to collect a debt from Plaintiff.

69. Plaintiff was damaged by Defendant's actions as described herein.

70. For all the reasons stated herein, Defendant is liable to Plaintiff in an amount of at least Plaintiff's actual damages for each of Defendant's violations of the FDCPA, 15 U.S.C. 1692k(a)(1); statutory damages of at least $1,000, 15 U.S.C. 1692k(a)(2)(A); and the costs of this action including Mr. Orr's attorney's fees, 15 U.S.C. 1692k(a)(3).

## COUNT TWO – CSPA VIOLATIONS

71. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

72. Defendant is and was a **Supplier** under the meaning of R.C. 1345.01(C) at all times relevant to this transaction in that it is engaged in the business of effecting or soliciting consumer transactions.

73. At all times relevant to this incident, Defendant was and is subject to Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq*.

74. The Ohio Attorney General promulgates rules pursuant to its authority under R.C. 1345.05, published in the Ohio Adm. Code 109:4-3-01 *et seq*. which define certain acts and practices as *per se* unfair and deceptive acts and practices and violations of the CSPA.

75. Defendant's actions described herein are unfair or deceptive acts or practices in violation of the CSPA at R.C. 1345.02.

76. Defendant's actions described herein are unconscionable acts or practices in violation of the CSPA at R.C. 1345.03.

77. Defendant's actions described herein are unfair or deceptive acts or practices as defined in the Ohio Administrative Code at 109:-4-3-01 *et seq.*

78. Defendant's actions described herein were committed with knowledge within the meaning of R.C. 1345.01(E).

79. Plaintiff have been injured by Defendant's violations described herein.

80. The acts or practices described herein were found by a court of this state to violate the CSPA and were committed after those decisions, were made available for public inspection by the Ohio Attorney General pursuant to R.C. 1345.05.

81. For all the reasons stated herein, Plaintiff is entitled to the greater of treble Plaintiff's actual damages or $200.00 per violation, up to $5,000.00 in noneconomic damages per violation, his attorney's fees and the costs of this action pursuant to R.C. 1345.09.

82. For all the reasons stated herein, Plaintiff is entitled to at least $25,000.00 in actual damages, $5,000.00 in noneconomic damages, and Plaintiff's attorney fees and costs pursuant to R.C. 1345.09.

83. For all the reasons stated herein, Plaintiff is also entitled an injunction against Defendant's violations of the CSPA as described herein pursuant to R.C. 1345.09.

84. For all the reasons stated herein, Plaintiff is also entitled to judgment declaring Defendant's acts or practices to be violations of the CSPA pursuant to R.C. 1345.09.

**WHEREFORE** Plaintiff prays the Court:

a. Assume jurisdiction of this case;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff the maximum economic, non-economic, actual, general, other, and statutory damages sought under each Count;

d. Award Plaintiff punitive damages as appropriate;

e. Enjoin Defendant from violating the CSPA as described in Count One;

f. Declare Defendant's actions described in Count One to violate the CSPA;

g. Grant Plaintif the costs of this litigation, including filing fees and reasonable attorney's fees; and

h. Grant all other relief the Court deems appropriate.

Respectfully Submitted,

**BUTTARS, RICHARDSON & SNYDER LLC**

/s/ Karl W. Snyder
Karl Snyder (0091219)
Austin Buttars (0091338)
*Attorneys for Plaintiff*
6059 Frantz Rd. Suite 201
Dublin, Ohio 43017
PH: 937-985-3066
karl@abkslaw.com
austin@abkslaw.com

**JURY TRIAL DEMANDED**

The plaintiff respectfully requests a jury trial on all triable issues.

/s/ Karl W. Snyder
Karl Snyder (0091219)